STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ROBERT TISSOT, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 6, 1977—Decided August 3, 1977.

Before Judges FRITZ, ARD and PRESSLER.

*Mr. Mark D. Sperber,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Ms. Rosemary K. Reavey,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Albert G. Fredericks,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

PER CURIAM. ▇ In this matter we are confronted with the converse of the question raised and answered in *State v. Mickschutz,* 101 *N. J. Super.* 315 (App. Div. 1968). We are faced with the question, expressly reserved in *Mickschutz,* whether, in a matter within the purview of *N. J. S. A.* 2A:164-3, the recommendation of the Diagnostic Center that defendant be committed to an institution is controlling upon the sentencing judge who may not then place defendant upon conditional probation. The sentencing judge, satisfied "that I have to sentence under the statute," answered that question in the affirmative. We are in respectful disagreement with that conclusion.

■ We are satisfied the Legislature intended that the disposition of the sex offender, toward the end that he or she obtain the most efficacious treatment, *State v. Clark,* 65 *N. J.* 426, 430 (1974), be committed to the sound discretion of the trial judge. We find this purpose manifest and clear in *N. J. S. A.* 2A:164–6 which, after directing that disposition "be made by the court," offers the court without limitation "1 or more" alternatives from which to choose. Analogous to sentencing, although for a purpose other than punishment (*Clark, supra*), this statutory procedure imposes the obligation upon the judge. Thus the heavy mantle of responsibility rests on the shoulders of one trained for its wearing and accustomed to its weight, where it traditionally and historically belongs.

■ Needless to say, the sentencing judge must give serious consideration to the report and recommendation which are also statutory procedures and are referred to in the disposition statute. *N. J. S. A.* 2A:164–6. We think departure should be rare and then only for cogent reasons precisely expressed in the disposition procedure. But we are convinced from the plain language of the statute alone and measured in the context of the purposes of the act that the Legislature did not intend the recommendation to be controlling.

Reversed and remanded for resentencing in accordance with the foregoing. We do not retain jurisdiction.