169 N.J. Super. 334 (1979)
404 A.2d 1209
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL TUCKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 19, 1979.
Decided July 2, 1979.
*335 Before Judges HALPERN, MATTHEWS and FRITZ.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Edward V. Gannon, designated attorney, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Donald S. Coburn, Essex County *336 Prosecutor, of counsel; Mr. Richard L. Bland, Assistant Prosecutor, on the letter brief).
PER CURAM.
Defendant was convicted by a jury of rape (N.J.S.A. 2A:138-1). It would appear that prior to his being sentenced he was referred to the Diagnostic Center for evaluation under the Sex Offender Act, N.J.S.A. 2A:164-3 et seq. While, as is the case with defendant, we cannot be certain because the medical report of that evaluation is not in the record, it would appear that defendant was found not to exhibit a pattern of repetitive, compulsive behavior (N.J.S.A. 2A:164-5), because at sentencing the judge noted "they didn't find that he came under the purview of the Sex Act." This "quite surprised" defendant's counsel, who said, "I know I am not permitted to see the report, but there are certain things that disturb me, and I really wonder if the people down at the Menlo Park Diagnostic Center had all of the information that we are aware of * * *." Noting that "there are a number of other sex-related offenses in his background," defense counsel professed surprise that defendant was not found to come within the purview of the act. The judge sentenced defendant to five to seven years in State prison.
Defendant does not directly attack the quantum of the sentence on this appeal but complains that he should have had the right to review the report of the Diagnostic Center. The State resists, relying on State v. Jones, 91 N.J. Super. 67 (Law Div. 1966). There the judge referred to the statement in State v. Wingler, 25 N.J. 161 (1957), mandating that "before imposing sentence under the Sex Offender Act, * * * the Diagnostic Center's report [shall be submitted] to the defendant" (id. at 179), as necessarily implying the contrary if the sentence was not to be under that act. We find no warrant for that understanding. Indeed, the Wingler court expressed substantial due process concern in the context of presentence reports.
Be all this as it may, both Wingler and Jones preceded State v. Kunz, 55 N.J. 128 (1969), which taught us that as *337 a matter of "rudimentary fairness," a defendant is "entitled to disclosure of the presentence report with fair opportunity to be heard on any adverse matters relevant to the sentencing." Id. at 144. In a State proud that its "fairness and rightness" doctrine has been firmly established (Nicoletta v. North Jersey Dist. Water Supply Comm'n, 77 N.J. 145, 159 (1978)), we see no reason why less fairness should be required with the presentence diagnostic report prepared in connection with the Sex Offender Act.
Although a sentencing judge may depart from the recommendation of the report (State v. Tissot, 152 N.J. Super. 42 (App. Div. 1977); State v. Mickschutz, 101 N.J. Super. 315 (App. Div. 1968)), ordinarily "departure should be rare and then only for cogent reasons." Tissot, supra, at 44. Accordingly, the report is of substantial influence with respect to the sentencing of a defendant.
Further, both the purposes of the sentence and its nature vary widely according to whether the court imposes the sentence as upon an ordinary criminal or under the Sex Offender Act. See N.J.S.A. 2A:164-6; State v. Clark, 65 N.J. 426 (1974).
Obviously, then, the accuracy of the report, its objectivity and the very fact of whether the court understood it and chose to accept or reject its recommendation, are matters of considerable moment to a defendant. This is so whether he or she is sentenced under the act or refused the beneficence of this legislative judgment that repetitive, compulsive, aberrant sexual behavior justifies "commitment for treatment instead of a sentence for punishment" Clark, supra, at 435. We are convinced, therefore, that the same considerations which caused the Supreme Court in Kunz to make available presentence reports, require the availability to defendants of Diagnostic Center reports and the same fair opportunity to be heard on any adverse matters relevant to the sentencing. To the extent that State v. Jones, supra, suggests to the contrary, it is overruled.
*338 Nothing herein should be deemed to imply any view of ours with respect to the propriety vel non of the sentence heretofore imposed. Our only concern is procedural.
Although the issue was not raised below, defendant also urges us to reverse, as a matter of plain error, on the ground that the prosecutor's instructions to a defense witness deprived defendant of his right to present witnesses in his behalf. We are convinced beyond reasonable doubt that the issue is without merit. R. 2:11-3(e) (2).
The conviction is affirmed. The sentence is set aside and the matter is remanded for resentencing, prior to which defendant will be furnished with a copy of the Diagnostic Center report. We do not retain jurisdiction.