207 N.J. Super. 40 (1986)
503 A.2d 900
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PAUL HAMM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 17, 1985.
Decided January 24, 1986.
*41 Before Judges MICHELS, GAULKIN and STERN.
Rosenberg and Beam attorneys for appellant (Raymond R. Beam, Jr., of counsel and on the brief).
Irwin I. Kimmelman, Attorney General, attorney for respondent (Richard W. Berg, Deputy Attorney General, of counsel).
The opinion of the court was delivered by STERN, J.S.C. (temporarily assigned).
Defendant entered a guilty plea to a single count accusation charging that "in about 1967 and continuing from that time until about January, 1983" he committed "the crime of Aggravated Sexual Assault upon John Hamm, Steven Hamm and Peter Hamm, his minor children, contrary to the provisions of N.J.S.A. 2C:14-2a(1), (2)(a)(c)," a first degree crime. While the transcript of the plea has not been reproduced for this appeal,[1] *42 there is no contest concerning the factual basis for the sexual abuse charge involving conduct for a period of more than 15 years. The presentence report contains a statement from defendant's oldest son John and excerpts of statements from his sons Steven and Peter; and defendant "admitted his guilt" to the probation officer. The statements reflect oral and anal "penetration," see N.J.S.A. 2C:14-1c.
The accusation, of course, involves preCode offenses, as the Code of Criminal Justice did not take effect until September 1, 1979, and offenses occurring before that date are generally governed by preCode law. N.J.S.A. 2C:1-1b, c; 2C:98-4. While knowledge of relevant dates and ages of each "victim" is necessary to establish the elements for commission of a first degree crime under N.J.S.A. 2C:14-2a(1) and (2), we are satisfied that the facts admitted by defendant show a first degree crime occurring since the effective date of the Code and after the presumption of imprisonment was refined in 1981. See N.J.S.A. 2C:44-1d. See also, State v. Hodge, 95 N.J. 369, 374 (1984). This is not contested and need not be further developed.
Despite a recommendation that defendant be placed on probation with psychological counselling as a sex offender, the trial judge sentenced defendant to the presumptive 15 year sentence to be served at the Adult Diagnostic and Treatment Center at Avenel.[2]
On this appeal defendant argues that the court abused its discretion by refusing to accept the recommendation of the Adult Diagnostic and Treatment Center to place defendant on probation. He relies upon State v. Tucker, 169 N.J. Super. 334, 337 (App.Div. 1979), where the court stated that "Although a sentencing judge may depart from the recommendation of the *43 report (State v. Tissot, 152 N.J. Super. 42 (App.Div. 1977); State v. Mickschutz, 101 N.J. Super. 315 (App.Div. 1968)), ordinarily `departure should be rare and then only for cogent reasons.' Tissot, supra at 44."
PreCode case law made clear that the trial judge could reject the diagnostic center recommendation for a probationary term as a sex offender. See State v. Mickschutz, 101 N.J. Super. 315 (App.Div. 1968). See also State v. Tissot, 152 N.J. Super. 42 (App.Div. 1977). Even though N.J.S.A. 2C:47-3c provides that in lieu of incarceration the court may, upon recommendation of the Adult Diagnostic and Treatment Center, place defendant on probation with the requirement as a condition of probation that he receive out-patient psychological treatment, the court need not follow the recommendation. State v. Chapman, 95 N.J. 582 (1984) holds that the trial judge can impose a sentence to the custody of the Commissioner of Corrections (general prison population) notwithstanding the Avenel recommendation for sex offender treatment, and that the trial court can impose a parole ineligibility term, N.J.S.A. 2C:43-6b, on a sentence to Avenel as well as to the custody of the Commissioner. See also N.J.S.A. 2C:14-6; 2C:43-6c, -7b, c; 2C:47-3b, c. Given the Chapman analysis of legislative intent with respect to sex offenders, see 95 N.J. at 591-593, we have no hesitation in concluding that the sentencing judge did not commit error in imposing the custodial treatment under N.J.S.A. 2C:47-4a. This is particularly true given the special resentencing and parole considerations available if defendant participates and responds to treatment, see N.J.S.A. 2C:47-4c, -5, and the ability of the Commissioner to transfer defendant to general population if he does not participate or respond. N.J.S.A. 2C:47-4b. See also State v. Chapman, supra, at 590-594, noting that an ineligibility term mandated by statute cannot be relaxed.
Moreover, since the Legislature refined the "presumption of imprisonment" for the first and second degree offenses including the sex offenses governed by Chapter 47, after the effective *44 date of the Code, see N.J.S.A. 2C:44-1d; State v. Hodge, supra 95 N.J. at 373-374 (1984), we conclude that the Avenel recommendation must always be considered in light of the "presumption." See also N.J.S.A. 2C:47-3a, b; 2C:44-1f(1); 2C:47-4a; State v. Roth, 95 N.J. 334 (1984); State v. Whidby, 204 N.J. Super. 312 (App.Div. 1985); compare State v. Jones, 197 N.J. Super. 604 (App.Div. 1984).
As stated in State v. Roth, supra 95 N.J. at 358:
The presumption of imprisonment in N.J.S.A. 2C:44-1(d) differs from a mandatory sentence. See State v. Des Marets, 92 N.J. 62 (1983). Although it did not recommend a general presumption, the New Jersey Criminal Law Revision Commission described such a presumption as leaving `a residuum of power in the sentencing court not to imprison in those few cases where it would be entirely inappropriate to do so.' Code Commentary, supra, at 326. What the Legislature had in mind was that a finding of guilt `would predictably incur a particular sentence unless specific mitigating or aggravating factors are established.' Fair and Certain Punishment, supra, at 20. Judges would be left with `some degree of guided discretion' to deal with the particular crime and criminal.' Id. at 19.
The residuum of power is to be exercised only under the narrow exception of the statute, that is, when `having regard to the character and condition of the defendant, [the court] is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others.' 2C:44-1(d). This standard is met only in `truly extraordinary and unanticipated circumstances,' Fair and Certain Punishment, supra, at 21, the exceptional case, that case where it can be said in Chief Justice Hughes' words, that `the human cost of such deterrence in this instance is too great.' State v. Harris, 70 N.J. 586, 596 (1976) (restitution as condition of probation vacated for struggling mother of five).
* * * * * * * *
Absent a proper determination of `serious injustice' considering the character and condition of the defendant, the trial court must impose a custodial sentence. State v. Gerstofer, 191 N.J. Super. 542 (App.Div. 1983) (per curiam).
As Justice O'Hern further stated in Roth, at 368, concerning another aggravated sexual assault:

N.J.S.A. 2C:14-2(a)(4) makes a sexual crime with use of a weapon a crime of the first degree, the highest degree of crime, with the exception of murder, in the Code. Only when a court `having regard to the character and condition of the defendant' believes that incarceration would be a `serious injustice which *45 overrides the need to deter such conduct by others,' can a sentence of imprisonment be withheld. 2C:44-1(d).[3]
We believe that a Diagnostic and Treatment Center recommendation for "probation" with "outpatient psychological treatment," see N.J.S.A. 2C:47-3c, for a sex offender convicted of a first or second degree crime must now be reviewed and considered in light of the "presumption of imprisonment" embodied in N.J.S.A. 2C:44-1d. We further believe that the "presumption of imprisonment" is an additional factor warranting custodial treatment in this case.
Affirmed.
NOTES
[1] The transcript should have been produced. R. 2:5-3. However, there is not the slightest suggestion of the absence of a factual basis from defendant himself. See R. 3:9-2.
[2] The court expressed lengthy reasons for the sentence at the time of sentencing, R. 3:21-4(e), and appended same to the judgment, R. 3:21-5. A motion for change of sentence was subsequently denied.
[3] Roth did not evidence repetitive, compulsive behavior (N.J.S.A. 2C:47-3a) falling within the purview of the sex offender provisions. See 95 N.J. at 340. See also State v. Hodge involving an aggravated sexual assault occurring prior to the amendment of N.J.S.A. 2C:44-1d in 1981, and note that a sentence for a person found to be a sex offender is nevertheless to be "set ... in accordance with Chapters 43 and 44" of the Code. N.J.S.A. 2C:47-3b.