649 A.2d 416

DERRICK HARDWICK, APPELLANT, v. WILLIAM H. FAUVER, COMMISSIONER OF DEPARTMENT OF CORRECTIONS, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 18, 1994—Decided November 14, 1994.

208

Before Judges BRODY, LONG and A.M. STEIN.

*Derrick Hardwick,* appellant, filed a *pro se* brief.

*Deborah T. Poritz,* Attorney General, attorney for respondent (*Mary C. Jacobson,* Assistant Attorney General, of counsel; *Deborah Gnatt,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BRODY, P.J.A.D.

An inmate of the Adult Diagnostic and Treatment Center (ADTC) appeals from the refusal of the Commissioner of the Department of Corrections to move before the sentencing court for modification of his sentence. The Special Classification Review Board had recommended in several periodic reports to the Commissioner that appellant's continued confinement is not necessary. The Commissioner declined to give any reasons for his steadfast rejection of these recommendations. Appellant contends that the Commissioner's repeated rejections of the Board's recommendations constitute arbitrary official conduct that we must reverse. We disagree because *N.J.S.A.* 2C:47–4c, the applicable statute, does not require the Commissioner to accept the Board's recommendations.

This court, however, has the authority to review the Commissioner's refusal to move for modification of an inmate's sentence and must reverse that determination if it is arbitrary. We are unable to perform that function when, as here, the Commissioner fails to give reasons for his determination. We therefore hold that the Commissioner must give reasons for rejecting the Board's recommendation that an ADTC inmate no longer needs confinement.

Appellant, then twenty-five years of age, was convicted by his pleas in 1983 of aggravated sexual assaults on three women in Mercer County and of a kidnapping and aggravated assault on a fourth woman in Middlesex County. The crimes occurred within a six-month period. These were appellant's first convictions of any offenses. ADTC reported to the sentencing judge in Mercer County that this assaultive sexual conduct was compulsive and likely to be repetitive. Pursuant to the plea agreement, appellant

was sentenced in each county to custodial terms concurrent with the sentence imposed in the other county. The aggregate term in Middlesex County was twenty years imprisonment, ten years to be served before parole eligibility. The aggregate term in Mercer County was sixty years to be served at ADTC, fifteen years to be served before parole eligibility. Appellant has been serving these sentences at ADTC. He has now served the minimum ten-year term imposed in Middlesex County, but will not have served the minimum Mercer County term until March 1998.

We have carefully reviewed the contents of ADTC's records of appellant's confinement. No disciplinary charges have ever been lodged against him. He has fully participated in therapy, and has become a leader in helping other inmates deal with their emotional problems. His therapists have concluded for some time that he has responded exceptionally well to therapy. He contracted multiple sclerosis while at ADTC, which requires him to use a walker to get about.

Beginning with its 1989 periodic report, the Board and the Superintendent of ADTC have recommended to the Commissioner that he move before the sentencing court for a modification of appellant's sentence in view of his "exceptional progress." A reduced period of parole ineligibility would allow the Board to recommend him for parole. With one exception the Commissioner has declined to state why he rejected each recommendation. In that exception, a 1991 rejection, the Commissioner stated that until July 1993, when appellant will have completed his minimum ten years under the Middlesex County prison sentence, there would be no point in modifying his sentence to ADTC. He concluded that determination by stating, "Perhaps future referral of this case pursuant to *N.J.S.A.* 2C:47–4c should be postponed until such time as subject is also eligible for parole on the Middlesex County sentence." However, even after July 1993, the Commissioner has continued to reject the Board's recommendations without stating any reasons.

A typical written ruling by the Commissioner appears in a memorandum, which we quote in full, that he sent to the Superintendent of ADTC in June 1993:

> Your memorandum and related materials regarding the above captioned inmate have been received and reviewed.
>
> I cannot conclude that continued confinement is not necessary in Mr. Hardwick's case. No action will be taken by my office to petition the court for resentencing.

The evidence we have of the Commissioner's rejection of the Board's latest recommendation is a copy of a memorandum to appellant dated January 3, 1994, from a member of the Superintendent's staff:

> SUBJECT: Recommendation for modification of sentence as permitted by NJSA 2C:47–4C
>
> Superintendent Plantier has received a reply from Commissioner Fauver to his memorandum concerning the above-captioned subject. Commissioner Fauver has decided not to petition the sentencing court for modification of your sentence.

*N.J.S.A.* 2C:47–4c provides:

> If, in the opinion of the commissioner, upon the written recommendation of the Special Classification Review Board continued confinement [at ADTC] is not necessary, he shall move before the sentencing court for modification of the sentence originally imposed.

The statute provides a means for a court to remove or reduce a previously imposed period of parole ineligibility to allow the Review Board to recommend to the Parole Board that the inmate be paroled because he or she is "capable of making an acceptable social adjustment in the community." *N.J.S.A.* 2C:47–5; *State v. G.B.,* 255 *N.J.Super.* 340, 344, 605 *A.*2d 269 (App.Div.1992).

The Commissioner need not move for modification of the inmate's sentence, however, if he is not "satisfied with the [Review Board's] recommendation." *State v. Chapman,* 95 *N.J.* 582, 594, 472 *A.*2d 559 (1984). We therefore reject appellant's argument that the Commissioner acted arbitrarily merely because he has repeatedly rejected the Review Board's recommendations to move before the sentencing court for a modification of his sentence.

A Commissioner's rejection of the Review Board's recommendation may be arbitrary, however, and therefore reversible in a particular case. We cannot consider whether the Commissioner's

determination was arbitrary in this case because he has not given reasons for his decision. *See Abbotts Dairies v. Armstrong*, 14 *N.J.* 319, 332–33, 102 *A*.2d 372 (1954) (administrative findings insure responsible and just determination and afford proper basis for effective judicial review).

The New Jersey Supreme Court addressed a similar problem in *Monks v. N.J. State Parole Bd.*, 58 *N.J.* 238, 277 *A*.2d 193 (1971). There the Parole Board had denied a prisoner parole without giving reasons.[1] Invoking the judiciary's historic authority to issue writs of certiorari to supervise administrative agencies, the Court held:

> [F]airness and rightness clearly dictate the granting of the prisoner's request for a statement of reasons. That course as a general matter would serve the acknowledged interests of procedural fairness and would also serve as a suitable and significant discipline on the Board's exercise of its wide powers. It would in nowise curb the Board's discretion on the grant or denial of parole nor would it impair the scope and effect of its expertise.
>
> [*Id.* at 249, 277 *A*.2d 193]

What *Monks* required of the Parole Board, we require of the Commissioner. The exercise of governmental power for no given reason may cloak the exercise of governmental power for no reason.

The Commissioner of the Department of Corrections must state reasons for rejecting the recommendation of the Special Classification Review Board to move before the sentencing court for modification of an ADTC inmate's sentence.

The matter is remanded to the Commissioner for reconsideration and a statement of reasons if he decides to reject the Board's recommendation.

---

[1] The applicable statute, since repealed, provided:

No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned while under sentence, but only if the board is of the opinion that there is reasonable probability that, if such prisoner is released, he will assume his proper and rightful place in society, without violation of the law, and that his release is not incompatible with the welfare of society. [*N.J.S.A.* 30:4–123.14, *repealed by L.* 1979, *c.* 441, § 27.]