RAYMOND GERALD, RESPONDENT AND CROSS-APPELLANT, v. COMMISSIONER, NEW JERSEY DEPARTMENT OF CORRECTIONS, APPELLANT AND CROSS-RESPONDENT.

Argued March 17, 1986—Decided May 28, 1986.

*James J. Ciancia,* Assistant Attorney General, argued the cause for appellant and cross-respondent (*W. Cary Edwards, Jr.,* Attorney General of New Jersey, attorney; *Stephen P. Tasy,* Deputy Attorney General, on the brief).

*John M. Cannel,* Assistant Public Defender, argued the cause for respondent and cross-appellant (*Thomas S. Smith, Jr.,* Acting Public Defender, attorney); *Raymond Gerald, pro se,* on the briefs).

PER CURIAM.

■■ We affirm the judgment of the Appellate Division substantially for the reasons set forth in the opinion below, 201 *N.J.Super.* 438 (1985). Accordingly, we hold that a sex offender, sentenced under Title 2A to the Adult Diagnostic and Treatment Center (ADTC) for offenses committed prior to the effective date of the Code of Criminal Justice (Code), *N.J.S.A.* 2C:1–1 to :98–4, shall, if released from treatment at ADTC, be treated for purposes of parole eligibility and release in the same manner as and in accordance with the standards applicable to a sex offender sentenced under the Code. We hold further, as did the Appellate Division, that no rehabilitative treatment is provided under the Code for a sex offender who has been transferred from the ADTC to the state prison. Consequently, such an inmate cannot be compelled to serve his original sentence if that constitutes, as in this case, an indeterminate term subject to the maximum term for the particular offense under Title 2A. Because these legal conclusions follow from our interpretation of the operative provisions of the Code, we agree with the Appellate Division that a sex offender sentenced under Title 2A who is transferred from the ADTC to state prison cannot, under the Code, be confined under his original sentence. We therefore affirm the judgment of the court below insofar as it remands the case for further proceedings, and we add an important modification.

The judgment of the Appellate Division contemplates that so long as he remains in the status of a sex offender transferred from the ADTC to the state prison, respondent will be resentenced in accordance with the substantive standards of the Code applicable to such offenders. This is deemed necessary to effectuate the legislature's intent and to achieve parity between

pre-Code and post-Code sex offenders. Thus, if respondent is resentenced, the sentencing should take a number of relevant considerations into account. The sentence now to be imposed should reflect the changes in sentencing policy under the Code of Criminal Justice. *See, e.g., State v. Roth,* 95 *N.J.* 334, 340 (1984) (Code establishes "an entirely new sentencing process"); *State v. Hodge,* 95 *N.J.* 369, 375 (1984) ("new sentencing philosophy of the Code"). The sentencing judge is authorized to consider punitive aspects of the sentence, the sentencing term, parole ineligibility, and the overall restructuring of the sentence, including any consecutive feature. *State v. Yarbough,* 100 *N.J.* 627, 643–45 (1985), *cert. denied,* —— *U.S.* ——, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986); *State v. Rodriguez,* 97 *N.J.* 263, 276–77 (1984); *State v. Chapman,* 95 *N.J.* 582, 591–93 (1984); *State v. Hodge, supra,* 95 *N.J.* at 376–77; *In re Parole Application of Trantino,* 89 *N.J.* 347, 368–69 (1982).

We note further that, in addition to possible resentencing, there exists an alternative disposition of this matter not raised by the parties or considered by the court below. Nevertheless, this alternative is so clearly implicit in the issue presented by the appeal and in the appellate court's determination, to which we subscribe, that its provision in any remand of this matter is required in order to conclude the matter properly.

The record in this case does not indicate the standards applied by the Commissioner of Corrections in determining to transfer the respondent from the ADTC to the Rahway State Prison. That decision was made in 1981, reflecting a conclusion that respondent could no longer profit from confinement at the ADTC. The record, however, does not disclose whether the Commissioner transferred respondent in the belief that the respondent could remain confined for the full duration of his original maximum term, thirty years, even though, without the availability of intensive sex-offender-oriented rehabilitative treatment, respondent could progress little toward making "an acceptable social adjustment in the community." *See N.J.S.A.* 2A:164–6 and –8, *repealed by L.*1978, *c.* 95, § 2C:98–2. There is

nothing to suggest that the Commissioner, in the exercise of his discretion to transfer the respondent, anticipated or could reasonably have been assumed to anticipate that the maximum duration of respondent's confinement could be reduced by operation of the Code and the necessity for resentencing. That possibility became a known certainty only with the decision of the Appellate Division.

We therefore must acknowledge that the Commissioner's determination to transfer the respondent to the state prison may have been based, among other things, upon the possibility or likelihood that respondent would remain confined for the full maximum time under his original sentence. The Commissioner may also have been influenced by the standards for release of sex offenders, *N.J.S.A.* 2C:47–5, *N.J.S.A.* 30:4–123.51(e), which are materially different from the standards that will in fact control the respondent's time served in prison and the criteria for his release, *N.J.S.A.* 30:4–123.53. These considerations lead us to conclude that the Commissioner may not have adequately perceived the standards that should have governed his discretion to transfer the respondent from ADTC to the state prison. The transfer issue in respondent's case should therefore be reconsidered and redetermined in light of the appropriate legal guidelines. *See In re Parole Application of Trantino, supra,* 89 *N.J.* at 377 (administrative decision to grant parole to be reconsidered in light of standards announced by the Court).

Accordingly, the Commissioner of the Department of Corrections is hereby given leave to reconsider whether respondent should have been transferred from the ADTC to the state prison. Upon such reconsideration, he may determine that the overall intendment of the original Title 2A sentence remains operative and reasonably suggests that respondent should not have been transferred or should now be retransferred from the state prison to the Adult Diagnostic and Treatment Center to serve the original sentence with attendant treatment. However, if the Commissioner determines not to reconsider the

matter or not to retransfer the respondent, then respondent shall be resentenced as provided herein.

The judgment of the Appellate Division is affirmed as modified.

*For modification and affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For reversal*—none.