ALEXANDER A. ARTWAY, APPELLANT, v. COMMISSIONER, NEW JERSEY DEPARTMENT OF CORRECTIONS, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 9, 1987—Decided March 27, 1987.

Before Judges MORTON I. GREENBERG, J.H. COLEMAN and GRUCCIO.

*Alexander A. Artway* filed a brief pro se.

*W. Cary Edwards,* Attorney General of New Jersey, attorney for respondent (*Stephen P. Tasy,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by:

GRUCCIO, J.A.D.

Alexander Artway, an inmate incarcerated at the Adult Diagnostic and Treatment Center (ADTC) at Avenel, appeals from a final decision of the Commissioner, New Jersey Department of Corrections, ordering him transferred from Rahway State Prison to the ADTC to serve the remainder of his sentence imposed under *N.J.S.A.* 2A:143–1 and *N.J.S.A.* 2A:164–3, *et seq.*

On appeal, Artway contends that he is constitutionally entitled to (1) a cursory written statement of reasons for his retransfer back to ADTC; (2) *not* be retransferred back to ADTC if the only reason for doing so is to prevent him from being resentenced to a shorter term; and (3) *not* be punished for refusing to talk to ADTC guidance counselors.

Artway was sentenced on March 27, 1975, to an indeterminate term of 20 years following his conviction for sodomy. He was sentenced pursuant to *N.J.S.A.* 2A:164–1, *et seq.* (repealed by *L.*1978, *c.* 95, § 2C:98–2, eff. Sept. 1, 1979). In February 1976, Artway was transferred to the ADTC where he remained for over two years. On May 2, 1978, he was transferred to the general prison population pursuant to Department of Corrections Administrative Plan Manual Standard # 857 after review by the Institutional Classification Committee. Artway's transfer was effected by reason of his refusal to participate in treatment.

Since Artway was a 2A sex offender, transferred out of ADTC, his parole eligibility was also determined under the old code, *N.J.S.A.* 2A:164–1, *et seq.* Pursuant to that provision of the law, Artway could only become eligible for parole upon review of the Special Classification Review Board (SCRB) at ADTC. The jurisdiction of SCRB continued for parole purposes. However, with the enactment of the new criminal code, *N.J.S.A.* 2C:1–1, *et seq.*, sex offenders transferred out of ADTC are treated as ordinary offenders for parole eligibility purposes. Thus, the parole eligibility status of such inmates confined

under 2C is determined under *N.J.S.A.* 30:4–123.51(a) rather than the procedure set forth in *N.J.S.A.* 2A:164–1, *et seq.*

In *Gerald v. N.J. Dept. of Corrections*, 201 *N.J.Super.* 438 (App.Div.1985), we determined that for purposes of Title 2A, sex offenders transferred out of ADTC are to be treated in the same manner as Title 2C sex offenders. We concluded that the transfer of Title 2A sex offenders out of ADTC constitutes good cause for resentencing the offender under Title 2C. The Commissioner appealed *Gerald* to the Supreme Court, which affirmed the Appellate Division, with the following modification:

> We therefore must acknowledge that the Commissioner's determination to transfer the respondent to the state prison may have been based, among other things, upon the possibility or likelihood that respondent would remain confined for the full maximum time under his original sentence. The Commissioner may also have been influenced by the standards for release of sex offenders, *N.J.S.A.* 2C:47–5, *N.J.S.A.* 30:4–123.51(e), which are materially different from the standards that will in fact control the respondent's time served in prison and the criteria for his release, *N.J.S.A.* 30:4–123.53. These considerations lead us to conclude that the Commissioner may not have adequately perceived the standards that should have governed his discretion to transfer the respondent from ADTC to the state prison. The transfer issue in respondent's case should therefore be reconsidered and redetermined in light of the appropriate legal guidelines. (Cites omitted).
>
> Accordingly, the Commissioner of the Department of Corrections is hereby given leave to reconsider whether respondent should have been transferred from the ADTC to the state prison. Upon such reconsideration, he may determine that the overall intendment of the original Title 2A sentence remains operative and reasonably suggests that respondent should not have been transferred or should now be retransferred from the state prison to the Adult Diagnostic and Treatment Center to serve the original sentence with attendant treatment. However, if the Commissioner determines not to reconsider the matter or not to transfer the respondent, then respondent shall be sentenced as provided herein. [*Gerald v. N.J. Dept. of Corrections*, 102 *N.J.* 435, 438–440 (1986)].

Upon receipt of the Supreme Court's opinion in *Gerald*, Artway filed this appeal whereupon the State cross-motioned to dismiss the appeal for failure to exhaust administrative reme-

dies since the Commissioner had not yet rendered a final decision in Artway's case.[1]

On August 15, 1986, the Commissioner rendered a final decision in Artway's case and determined that Artway should be transferred from Rahway State Prison back to ADTC to serve his Title 2A sentence with attendant treatment. The Commissioner stated that the overall intendment of Artway's sentence under Title 2A remained operative and contemplated his release from custody prior to his maximum sentence only when it was determined by the State Parole Board that he is capable of making an acceptable social adjustment in the community.

Artway was transferred from State prison to ADTC pursuant to the Commissioner's decision. Since his return there, Artway has been found guilty of three disciplinary infractions: (1) Unauthorized possession of a screw driver and screws; (2) Destruction of a porcelain wash basin by ramming his metal bed frame into the sink; (3) Disruption of inmate recreation period as a result of his conduct in destroying the wash basin.

On October 2, 1986, the Appellate Division reinstated Artway's appeal after the State indicated it did not oppose reinstatement now that final administrative decision was rendered by the Commissioner.

■ Artway first contends that the Commissioner violated due process by transferring him to ADTC in an attempt to avoid resentencing under the Supreme Court's *Gerald, supra,* decision. We disagree. Our reading of the Supreme Court's opinion unquestionably vests in the Commissioner the option of transferring Artway and other Title 2A offenders back to ADTC if the Commissioner determined that some therapeutic benefit would be derived from such transfers. 102 *N.J.* at 439–440.

---

[1] We dismissed Artway's appeal before respondent's counsel had the opportunity to notify us of the Commissioner's final decision.

Here, the Commissioner reviewed Artway's record and determined that the intendment of his Title 2A sentence remained operative and ordered his return to ADTC in anticipation that with time and cooperation, defendant would derive some therapeutic benefit from the treatment available at the facility. We find no error in this decision by the Commissioner.

Additionally, Artway contends that he was denied due process because the Commissioner failed to provide him with a written statement of reasons for his return to ADTC. The record is to the contrary; indeed, we find the Commissioner notified Artway, by letter of August 15, 1986, of his reasons for Artway's retransfer to ADTC. We find no due process violation here.

■ Artway finally contends that he and all other similarly situated sex offenders who return to ADTC are punished by being charged with disciplinary infractions when they refuse therapy, subjecting them to cruel and unusual punishment in violation of the Eighth Amendment. We find no evidence other than Artway's own unsupported allegations that Title 2A sex offenders are the victims of widespread harassment by the staff upon their return to ADTC. Indeed, Artway has been found guilty of three disciplinary charges since his return to ADTC. In each case, Artway was accorded his due process rights with an institutional hearing; the findings of guilt and the sanctions imposed following those hearings were equitable and justified. The disciplinary action taken against Artway was as the result of his deliberate, calculated attempts to cause problems in the institution so as to frustrate treatment and attain resentencing by way of a permanent transfer out of ADTC.

A defendant shall neither be allowed to abuse the correction system nor select where he is to serve his sentence by deliberate, illegal conduct. Here, Artway has decided to enforce his own set of rules of conduct and determine his own place of incarceration.

Our society is one in which we govern ourselves by laws applicable to all. Prison systems, too, have rules and regulations that govern conduct of those entrusted into the custody of the Commissioner. Artway would have us allow him to violate the rules and regulations established for the rehabilitation of sex offenders and gain resentencing to the general prison population. This we will not permit. In sum, we find no constitutional or other irregularity in the actions of the Commissioner.

Affirmed.