STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ERIC CRUZ, A/K/A EDDIE SANTIAGO, A/K/A ERIC QUINNONES, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 9, 1989—Decided April 19, 1989.

Before Judges J.H. COLEMAN and BAIME.

*Paul M. DePascale,* Prosecutor of Hudson County, attorney for appellant (*Sharon L. Oldknow,* Assistant Prosecutor, on the letter brief).

*Alfred A. Slocum,* Public Defender, attorney for respondent (*Virginia C. Saunders,* Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

J.H. COLEMAN, P.J.A.D.

In this appeal, we must decide whether a sex offender convicted under Title 2A and is resentenced under the New Jersey Code of Criminal Justice (Code) may receive a term of parole ineligibility. The Resentencing Panel concluded that any period of parole ineligibility would be an increase in detention, contrary to *N.J.S.A.* 2C:1–1d(2). We hold that the Panel erred.

In 1976, defendant pleaded guilty to two counts of rape while armed, contrary to *N.J.S.A.* 2A:138–1, and one count of lewdness, contrary to *N.J.S.A.* 2A:115–1. Defendant was sentenced on August 5, 1976 to two concurrent indeterminate terms, not to exceed 30 years, to the Adult Diagnostic and Treatment Center in Avenel (ADTC) for the rapes. He was also sentenced to ADTC on the lewdness count. Defendant was paroled from ADTC on July 8, 1980. While on parole, defendant was arrested on January 8, 1981 and charged with aggravated sexual

assault, kidnapping and possession of a sawed-off shotgun. He was returned to the ADTC on January 27, 1981. His parole was revoked on April 3, 1981. On April 19, 1982 defendant was sentenced on the new offenses, but we have not been provided with copies of the judgments of conviction. Defendant was transferred from the ADTC to the general prison population because he either refused treatment or was not amenable to treatment.

On February 1, 1988, defendant moved to be resentenced under the provisions of *N.J.S.A.* 2C:1–1d(2) and *Gerald v. Commissioner, N.J. Dept. of Corr.*, 102 *N.J.* 435 (1986). On April 8, 1988, defendant was resentenced on the two rapes to consecutive 15–year custodial terms. It was undisputed that the congruent or equivalent crimes under the Code were aggravated sexual assault, contrary to *N.J.S.A.* 2C:14–2a(4).

The State has appealed contending that parole disqualifiers should have been imposed. Defendant counters that parole disqualifers would represent sentence enhancement in violation of *N.J.S.A.* 2C:1–1d(2) and double jeopardy principles.

Although the issue has not been raised, we note that the State has a right to prosecute this appeal from a resentencing which it deems too lenient. *State v. Johnson*, 176 *N.J.Super.* 1, 5–7 (App.Div.1980), aff'd 88 *N.J.* 26 (1981). *R.* 2:3–1(b)(4) provides that the State may appeal a post-conviction judgment collaterally attacking a sentence. The State's appeal does not violate principles of double jeopardy because defendant could have no expectation of finality since he initiated the proceedings to change his sentence. *State v. Sanders*, 107 *N.J.* 609, 618–621 (1987); *State v. Rodriguez*, 97 *N.J.* 263, 270 (1984).

We agree with the State that a defendant who seeks to be resentenced under the Code pursuant to *Gerald* is eligible to receive a term of parole disqualification. A resentencing under *Gerald* is intended to achieve parity between Title 2A and Code sex offenders. *Gerald* is instructive as to what is to be considered relevant at the resentencing:

The sentence now to be imposed should reflect the changes in sentencing policy under the Code of Criminal Justice. *See, e.g., State v. Roth,* 95 *N.J.* 334, 340 (1984) (Code establishes 'an entirely new sentencing process'); *State v. Hodge,* 95 *N.J.* 369, 375 (1984) ('new sentencing philosophy of the Code'). The sentencing judge is authorized to consider punitive aspects of the sentence, the sentencing term, parole ineligibility, and the overall restructuring of the sentence, including any consecutive feature. *State v. Yarbough,* 100 *N.J.* 627, 643–45 (1985), *cert. denied,* 475 *U.S.* 1014 [475 *U.S.* 1014], 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986); *State v. Rodriguez,* 97 *N.J.* 263, 276–77 (1984); *State v. Chapman,* 95 *N.J.* 582, 591–93 (1984); *State v. Hodge, supra,* 95 *N.J.* at 376–77; *In re Parole Application of Trantino,* 89 *N.J.* 347, 368–69 (1982). [*Gerald v. Commissioner,* 102 *N.J.* at 438].

In a *Gerald* resentencing, the court must consider *N.J.S.A.* 2C:1–1d(2) which provides that "no period of detention or supervision shall be increased as a result of such resentencing." Our task is to interpret the words in the statute in light of the purposes the Legislature sought to further. *State v. Maguire,* 84 *N.J.* 508, 517 (1980); *State v. Madden,* 61 *N.J.* 377, 389 (1972). One Legislative objective of *N.J.S.A.* 2C:1–1d(2) was to help alleviate disparity of treatment between persons serving sentences imposed under Title 2A and those sentenced on congruent offenses under the Code. *State v. Maguire, supra,* 84 *N.J.* at 527–28. *See generally State v. Roth,* 95 *N.J.* 334, 369 (1984). We are persuaded that *N.J.S.A.* 2C:1–1d(2) does not preclude terms of parole ineligibility. What Judge Goldmann said 35 years ago is worth repeating: "When sentence is imposed upon a defendant, there is no constitutional guaranty that the provisions regarding parole will remain constant; the only constitutional inhibition is that no law may be passed increasing the punishment for the crime committed." *Zink v. Lear,* 28 *N.J.Super.* 515, 525 (App.Div.1953).

■■■ Based on the quoted language from *Gerald,* our Supreme Court intended for the prior sentencing "slate [to be] wiped clean." *North Carolina v. Pearce,* 395 *U.S.* 711, 721, 89 *S.Ct.* 2072, 2078, 23 *L.Ed.*2d 656, 667 (1969). *See State v. McMeekin,* 204 *N.J.Super.* 496, 502–503 (App.Div.1985), certif. den. 102 *N.J.* 302 (1985). *Gerald* makes clear that on resentencing, the judge should consider the punitive aspect of the

sentence as well as parole ineligibility. A determination of whether there has been an increase in the period of detention should be made by comparing defendant's existing aggregate maximum sentence with the maximum base determinate sentence imposed at resentencing. It is the outer limit of the aggregate term of imprisonment or supervision imposed at the resentencing which determines whether the Code sentence exceeds the 2A sentence. This is so because in a *Gerald* resentencing, the prior (Title 2A) sentencing slate is wiped clean except for the outer limit fixed by the maximum range of the Title 2A sentence. We hold that a determinate aggregate sentence of 30 years with as much as 15 years of parole ineligibility is not a longer sentence than an indeterminate 30 years. Rather, it is a different sentence which *Gerald* contemplates. *State v. McKeekin, supra.*

A contrary holding would violate the clear mandate of *Gerald* which directs the court to consider parole ineligibility. *See also State v. Heisler,* 192 *N.J.Super.* 586, 587 (App.Div.1974). We read *Gerald* to require identical treatment of resentenced 2A sex offenders and Code sex offenders subject to the outer limit of the 2A sentence. Otherwise, the statutory purpose for enacting *N.J.S.A.* 2C:1–1d(2) would not be achieved because a new disparity between resentenced 2A sex offenders and Code sex offenders would be created by allowing 2A sex offenders to receive more lenient punishment than Code sex offenders. As we observed recently:

> Indeed, pre-Code offenders would be treated in far more lenient fashion than would their post-Code counterparts. Worse yet, the result would be to reward those prisoners whose obstinate refusal to cooperate with rehabilitative efforts has caused them to be transferred from the ADTC. The end result would be to require the earlier release of those most likely to commit abhorrent crimes. [*State v. Bowen,* 224 *N.J.Super.* 263, 279 (App.Div.1988)].

We do not believe the Legislature intended such an anomalous result.

The Resentencing Panel was entirely satisfied that the congruent offenses were first degree aggravated sexual assaults. The Panel also found there were many aggravating factors and

that there was no mitigating factor respecting both rapes. The presumptive terms were imposed only because the aggregate maximum could not exceed 30 years. The Panel also made it clear that terms of parole ineligibility would have been imposed if it had the legal authority. In the circumstances, terms of parole ineligibility are imposable on the presumptive terms without violating *State v. Kruse*, 105 *N.J.* 354, 361–362 (1987). *See also State v. Towey*, 114 *N.J.* 69 (1989).

We therefore impose parole ineligibility terms of seven and one-half years on each of the rape convictions as requested by the State.[1] The matter is remanded to the Resentencing Panel for entry of amended judgments consistent with this opinion.

---

[1] In April 1988, defendant said he had served 13 years of the sentences and that the Parole Board advised him that he will not be considered for parole again until 1990. The 15 years of parole ineligibility will expire at approximately the same time defendant said he will be reconsidered by the Parole Board.