570 A.2d 1047

STATE OF NEW JERSEY, PLAINTIFF, v. ADAM
MARRERO, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Cumberland County

Decided November 9, 1989.

*Michael E. Sullivan* for plaintiff (*Steven S. Neder*, Prosecutor of Cumberland County, attorney).

*Harold B. Shapiro* for defendant (*Shapiro & Shapiro*, attorneys).

SERATA, J.S.C.

The Cumberland County Prosecutor moves to compel the evaluation and sentencing of defendant, Adam Marrero, in accordance with the New Jersey Code of Criminal Justice *N.J.S.A.* 2C:47–1 *et seq.*

*Findings of Fact.*

On April 4, 1988, defendant, Adam Marrero,. was indicted by a Cumberland County Grand Jury on charges of sexual assault and terroristic threats. He pled guilty to the first count of the indictment charging him with second degree sexual assault. In the usual course of events defendant was to be evaluated at Avenel pursuant to *N.J.S.A.* 2C:47–1 of the New Jersey Code of Criminal Justice. On August 29, 1988 and prior to his being transported for this examination, this defendant was arrested and charged with murder under indictment no. 89–04–352.

The Honorable Paul R. Porreca, J.S.C., then in charge of this case, granted an *ex parte* request to have the Avenel evaluation postponed. The State now moves to compel defendant's evaluation and sentencing.

Counsel for the defense argues that to compel sentencing would place defendant in a precarious position. Since he has pled guilty to second degree sexual assault, the court must order defendant's referral to the Adult Diagnostic and Treat-

ment Center for evaluation. *N.J.S.A.* 2C:47–1 It is then within the court's discretion whether to sentence defendant to "a program of specialized treatment for his mental condition." *N.J.S.A.* 2C:47–3. Moreover, it is a requirement that in order to be considered for "specialized treatment," defendant must submit to a complete psychological evaluation in accordance with *N.J.S.A.* 2C:47–1. It is asserted by defense counsel that there is a strong possibility that defendant may incriminate himself during the evaluation in regard to the murder charges pending against him.

If defendant refuses to participate in the examination while at Avenel to protect his Fifth Amendment rights, he may then be excluded from the treatment available to him under the New Jersey Sex Offenders Act.

The State concedes that defense counsel's concerns are legitimate, however, it submits that these issues can be resolved between counsel and his client and, should the need arise, ultimately by the trial judge in the homicide case.

## *Conclusions of Law.*

The question presented here is whether compelling examination and sentencing at this time would violate defendant's Fifth Amendment rights against self-incrimination. The self-incrimination clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment, *Allen v. Illinois,* 478 *U.S.* 364, 106 *S.Ct.* 2988, 2991, 92 *L.Ed.*2d 296 (1986) (quoting *Malloy v. Hogan,* 378 *U.S.* 1, 84 *S.Ct.* 1489, 12 *L.Ed.*2d 653 (1964)) provides that "no person shall be compelled in any criminal case to be a witness against himself." The Supreme Court has firmly established that the privilege may be asserted when the need arises to prevent revelation of self-incriminating information that could be used in future criminal proceedings. The Court has extended this privilege to provide that "the privilege against self-incrimination not only permits a person to refuse to testify against himself at a criminal trial in which he

is a defendant, but also privileges him not to answer official questions put to him in any other proceedings, civil or criminal, formal or informal, where the answer might incriminate him in future criminal proceedings." *Allen v. Illinois, supra* 478 *U.S.* at 368, 106 *S.Ct.* at 2991 (quoting *Minnesota v. Murphy,* 465 *U.S.* 420, 426, 104 *S.Ct.* 1136, 1141, 79 *L.Ed.*2d 409 (1984) which quoted *Lefkowitz v. Turley,* 414 *U.S.* 70, 77, 94 *S.Ct.* 316, 322, 38 *L.Ed.*2d 274 (1973)); *McCarthy v. Arndstein,* 266 *U.S.* 34, 40, 45 *S.Ct.* 16, 17, 69 *L.Ed.* 158 (1924).

Indeed, the full cooperation in the Avenel evaluation which *N.J.S.A.* 2C:47–1 and –3 mandates potentially forces defendant to disclose information which might aid the State's claims in respect to the pending murder charges.

*N.J.S.A.* 2C:47–1 provides:

whenever a person is convicted of the offense of aggravated sexual assault, sexual assault, or aggravated criminal sexual contact or an attempt to commit any such crime, the judge shall order that such person be referred to the Adult Diagnostic and Treatment Center for such period as shall be necessary to complete a physical and psychological examination.

Pursuant to *N.J.S.A.* 2C:47–3, if the examination reveals that the offender's conduct was characterized by a pattern of repetitive, compulsive behavior, the court may upon the recommendation of the Adult Diagnostic and Treatment Center (ADTC), sentence the offender to the center for a program of specialized treatment for his mental condition. *State v. Chapman,* 95 *N.J.* 582, 472 *A.*2d 559 (1984). If, and only if, there is a finding of the ADTC that defendant shows a pattern of compulsive, repetitive behavior may the court sentence defendant to undergo "specialized treatment." *Gerald v. Commissioner,* 102 *N.J.* 435, 508 *A.*2d 1113 (1986).

The court is well aware of the admonition of the federal regulation (42 C.F.R. part 2) which protects the confidentiality and disclosure of any information obtained from diagnostic treatment or rehabilitation of defendants. The court also has considered the provisions of *N.J.S.A.* 2A:84A–22.2 *et seq.,* which pertains to the confidentiality of communications between pa-

tient and physician. However, there are no precise guidelines established which would demonstrate to this court that an unqualified privilege exists in respect to any communications made by defendant during his Avenel evaluation. Indeed, the New Jersey Supreme Court has held that the privilege should be narrowly interpreted, because its effect is to preclude the admission of relevant evidence. *State v. Dyal*, 97 *N.J.* 229, 478 *A.*2d 390 (1984).

This court finds that if this defendant were compelled to undergo evaluation and sentencing defendant would be offered a Hobson's choice to either cooperate fully with the ADTC and possibly incriminate himself or alternatively refuse to undergo evaluation and the specialized treatment offered under New Jersey's sex offender law. Such a choice is repugnant to the constitutional guarantee embodied in the Fifth Amendment right against self-incrimination.

Therefore, the State's motion is denied. Sentencing will occur when the pending murder charges have been resolved.

Defense counsel will prepare the appropriate order.