244 N.J. Super. 137 (1990)
581 A.2d 909
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN LOGAN, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Union County.
Decided July 5, 1990.
*138 Regina Caulfield for plaintiff (Edmund J. Tucker, Acting Union County Prosecutor, attorney).
Lorenzo Reid for defendant (Elijah L. Miller, Jr., Public Defender, attorney).
BARISONEK, J.S.C.
This matter comes before the court for sentencing of John Logan in accordance with N.J.S.A. 2C:47-1, commonly known as the Sex Offender Act. This case represents a question of first impression in New Jersey, i.e., whether a defendant's willful refusal to complete a court-ordered physical and psychological examination at the Adult Diagnostic and Treatment Center ("ADTC") for purposes of sentencing under the Sex Offender Act operates as a waiver of defendant's right when the ADTC cannot make a finding that defendant is repetitive and compulsive due to defendant's failure to submit to the examination.
On February 22, 1990, John Logan was convicted by a jury of two counts of sexual assault (second degree), one count of *139 aggravated sexual assault (first degree), one count of aggravated criminal sexual contact (third degree) and endangering the welfare of a child (third degree), which charges involved sexual assaults against one individual over a protracted period of time.
Since defendant was convicted of crimes of aggravated sexual assault, he was ordered to submit to a psychiatric examination at the Adult Diagnostic Psychiatric Center, Avenel, New Jersey, on April 25, 1990 pursuant to N.J.S.A. 2C:47-1. Subsequently, a letter was received from ADTC stating that defendant's evaluation could not be completed because Logan declined to be interviewed or take the written testing. The letter noted the purpose and procedures for the evaluation that were explained to defendant by the supervisor of the outpatient department. Defendant, however, remained steadfast in that he did not wish to be interviewed or take psychological testing.
On June 1, 1990, this court held a summary contempt proceeding for a contempt in the face of the court pursuant to R. 1:10-1, when defendant stated in open court that he would never comply with the terms of the order. Defendant was found to be in contempt and sentenced to six months in the county jail. Subsequent to this contempt adjudication, a second report was received from the ADTC which stated that defendant's behavior was repetitive based on statements made by the victim that she was sexually assaulted on multiple occasions over approximately a three-year period. The report went on to state that a formal psychological evaluation would be necessary to determine whether or not the preponderance of evidence necessary for a finding of sexual compulsion could be established.
This court is now faced with the difficult task of fashioning an appropriate sentence in accordance with the code without the needed findings by the ADTC. The procedure for sentencing to ADTC is outlined in Sentencing Manual for Judges (1988).
5.4 Sex Offenders  The Adult Diagnostic and Treatment Center

*140 A. Procedures

Whenever a person is convicted of aggravated sexual assault, sexual assault, or aggravated criminal sexual contact, or an attempt to commit any such crime, the judge shall order that such person be referred to the Adult Diagnostic and Treatment Center (ADTC or "the center") for a period necessary to complete a physical and psychological examination, said period not to exceed 10 days. N.J.S.A. 2C:47-1. The referral order is required to contain a determination of the person's legal settlement. Ibid.; see N.J.S.A. 30:4-49 et seq.

An essential prerequisite to sentencing an offender to the ADTC for a program of specialized treatment is that the examination reveal that the "offender's conduct was characterized by a pattern of repetitive and compulsive behavior." N.J.S.A. 2C:47-3(a). Upon such a finding the court may, upon the recommendation of the ADTC, sentence the offender to the center for a program of specialized treatment for his mental condition. Ibid. No person may be sentenced to the ADTC in the absence of a finding that his conduct was characterized by a pattern of repetitive, compulsive behavior. N.J.S.A. 2C:47-3(d).
This court recognizes defendant Logan's legitimate expectation not to be sentenced to Avenel absent a finding of repetitive and compulsive behavior. However, defendant has willfully refused to comply with a court-ordered evaluation necessary to make such findings. The effect of defendant's refusal is to shut down the safeguards instilled to protect defendant from being arbitrarily sentenced to Avenel. This counterproductive behavior has not been tolerated by our courts. As stated in Artway v. Com'r, N.J. Dept. of Corr., 216 N.J. Super. 213, 523 A.2d 275 (App.Div. 1987), "A defendant shall neither be allowed to abuse the correction system nor select where he is to serve his sentence by deliberate, illegal conduct." Id. at 218, 523 A.2d 275. Interestingly, Artway addressed the issue of whether a sex offender eligible for resentencing after being transferred from ADTC is denied due process rights when the Commissioner of Corrections transfers him back to ADTC. The court found that defendant's due process rights were not violated and cited Gerald v. Com'r, N.J. Dept. of Corr., 102 N.J. 435, 439-40, 508 A.2d 1113 (1986), finding that the opinion of the Supreme Court unquestionably vests in the commissioner the option of transferring defendant back to ADTC if the commissioner determined that some therapeutic benefit would be derived *141 from such transfers. Artway, supra, at 217, 523 A.2d 275.
The issue in this case rests on broad public policy considerations of whether a defendant protected by constitutional rights of our judicial system can defy a court order, which defiance has the effect of allowing this defendant to fashion his own sentencing guidelines or whether those rights can be knowingly waived by defendant by his refusal to submit to an ADTC examination.
This issue of waiver of constitutional rights by a defendant was recently addressed by the Supreme Court in State v. Hudson, 119 N.J. 165, 574 A.2d 434 (1990). The court in Hudson held that a defendant's inexcusable absence before trial has begun, under circumstances demonstrating knowledge of time and place of trial, the right to be present and that the trial may proceed if defendant is absent, constitutes a sufficient basis for a trial court's decision to allow the trial to proceed in absentia. The court referred to a United States Supreme Court case, Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912) which held:
If, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done, or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present. [223 U.S. at 454, 32 S.Ct. at 253, 56 L.Ed. at 505; emphasis supplied]
The Supreme Court in State v. Hudson, supra, rationalized that while a defendant is guaranteed the right to be present in the courtroom at every stage of the proceeding, there can be a voluntary waiver of that constitutional right under the State and Federal Constitutions. Thus, when defendant has been given the conditional requisites of notice of trial, the right to be present and that the trial may proceed if he is absent, he waives his right to be present at trial.
The same analogy should be applied to the factual circumstances of this case. The Sex Offender Act requires a finding that defendant's conduct is characterized by a pattern of repetitive and compulsive behavior and that this finding is a prerequisite *142 for sentencing to the ADTC for specialized treatment. N.J.S.A. 2C:47-3. It is clear that the constitutional safeguards of due process through such a finding by a preponderance of the evidence enure to the benefit of defendant, due to the parole or liberty ramifications and stigma effect on defendant as discussed in State v. Howard, 110 N.J. 113, 127-130, 539 A.2d 1203 (1988). Defendant, therefore, is entitled to a hearing to contest a positive finding of the ADTC, may present evidence to the contrary and may convince the court that a sentence to Avenel is not warranted even if ADTC finds him to be repetitive and compulsive. The court is not bound by the ADTC finding and may sentence defendant to Avenel if the requisite findings are made. N.J.S.A. 2C:47-3. See also State v. Chapman, 95 N.J. 582, 472 A.2d 559 (1980) and State v. Tucker, 169 N.J. Super. 334, 404 A.2d 1209 (App.Div. 1979).
It was fully explained to defendant that he must submit to the Avenel evaluation, that he had a right to contest any adverse finding made by Avenel through cross-examination of the expert and presentation of independent evidence on the issue. Defendant, however, chose to voluntarily defy the requisites of the act and a court order by refusing to cooperate with any aspect of the evaluation or the hearing. As found in State v. Hudson, supra, this type of obstinate behavior is a defiance of the judicial system which will and can only lead to a disruption of all offenders.
It must be remembered that while the act seeks to safeguard the rights of defendant by establishing requisite findings, the act also protects the public. This concept was considered in Howard, supra, when the Supreme Court addressed what constitutes due process under the Sex Offender Act. The Court said that "... due process generally involves balancing three factors: the nature of the private interest, the counter-vailing governmental interest and the risk of error in the ultimate determination created by not using the requested procedure." 110 N.J. at 129, 539 A.2d 1203. The Court went on to state that there is a twofold private interest to consider. *143 One private interest is that the requisite finding is made of compulsive and repetitive behavior. The Supreme Court, however, felt that defendant's liberty interest in an Avenel sentence is weak. Id. at 130, 539 A.2d 1203. It further considered that the rehabilitation procedures of the act are also for the benefit of society, concluding that the State's interest in rehabilitation of a convicted sex offender is substantial. Ibid. Finally, the Court determined that the third factor, the enhanced risk of error, is satisfied under the preponderance of the evidence standard when weighed against a higher standard which would subvert the State's interest in the rehabilitation of repetitive sex offenders. Id. at 131, 539 A.2d 1203.
It is through balancing these standards of due process that this court holds that defendant can waive the rights afforded under the Sex Offender Act by refusing to cooperate with an evaluation to determine whether he falls within the purview of the act. The State's interest and, for that matter, the interests of victims of sex offenses are admittedly substantial. If, therefore, a defendant subverts the rights of the State and society by refusing to participate in a hearing, by refusing to submit to psychological testing and examination, knowing he has a right to contest the issue of compulsive and repetitive conduct and where, as in this case, he has been convicted of multiple sexual assaults over a protracted period of time which support a finding of repetitiveness, defendant then waives his due process rights as to the mandated statutory finding that his behavior be deemed compulsive and repetitive before an ADTC sentence can be imposed. The strong governmental and societal interest dictate that defendant be sentenced under the facts of this case to Avenel to determine if rehabilitation is warranted and can be achieved. Should it be found that it is not warranted or achievable, then defendant can always be transferred pursuant to law to another institution. As stated in Artway, supra, this defendant shall not be allowed to abuse the judicial system nor select where he is to be sentenced by a deliberate refusal to comply with an order of the court. When *144 sentencing a convicted sex offender, the court does not choose between freedom and commitment of defendant, but only between commitment at one state correction facility or another. State v. Howard, supra, 110 N.J. at 131, 539 A.2d 1203.