262 N.J. Super. 128 (1993)
620 A.2d 431
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN LOGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 19, 1993.
Decided February 8, 1993.
*129 Before Judges J.H. COLEMAN and ARNOLD M. STEIN.
Zulima V. Farber, Public Defender, attorney for appellant (Stephen A. Caruso, Assistant Deputy Public Defender, of counsel and on the brief).
Andrew K. Ruotolo, Jr., Prosecutor of Union County, attorney for respondent (Mark J. Panko, Prosecutor's Agent, of counsel and on the letter brief).
PER CURIAM.
This case involves a sentence to the Adult Diagnostic and Treatment Center (ADTC) of a defendant who refused to undergo psychological examinations required by N.J.S.A. 2C:47-1 et seq. to determine whether he falls within purview of the Sex Offender Act.
A jury found defendant guilty on two counts of sexual assault, contrary to N.J.S.A. 2C:14-2b, Counts One and Three; aggravated sexual assault, contrary to N.J.S.A. 2C:14-2a(2)(b) and (c), Count Four; aggravated sexual contact, contrary to N.J.S.A. 2C:14-3a, Count Five, and endangering the welfare of a child, contrary to N.J.S.A. 2C:24-4a, Count Six.
Defendant was ordered pursuant to N.J.S.A. 2C:47-1 to undergo an examination at the ADTC before sentencing. When *130 defendant refused to cooperate, he was held in contempt of court and sentenced to the Union County Jail for six months in an attempt to obtain compliance. Ultimately, defendant was sentenced without being examined at ADTC. At the sentencing hearing, the judge merged Count Six with Count Four and sentenced defendant to the ADTC on Count Four to a term of 20 years with 10 years of parole ineligibility. Defendant was sentenced on Count One to ADTC for a term of 10 years with five years of parole ineligibility to run consecutively to the sentence imposed under Count Four. Concurrent sentences were imposed under Counts Three and Five.
In this appeal, defendant raises the following contentions:
I THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR IN RULING THAT DEFENDANTS PRIOR CONVICTIONS OF BURGLARY, THEFT AND TERRORISTIC THREATS COULD BE ADMITTED INTO EVIDENCE FOR IMPEACHMENT PURPOSES, THEREBY DEPRIVING DEFENDANT OF A FAIR TRIAL. (U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. (1947), ART. I, PARS. 9 AND 10).
II THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY WHEN THE COURT EFFECTIVELY DIRECTED A VERDICT OF GUILT ON COUNTS 4, 5 AND 6. (NOT RAISED BELOW).
III THE COURT BELOW ERRED IN RULING THAT THE DEFENDANT WAIVED HIS RIGHT TO A FINDING BY THE ADULT DIAGNOSTIC AND TREATMENT CENTER THAT HIS CONDUCT WAS CHARACTERIZED BY A PATTERN OF REPETITIVE AND COMPULSIVE BEHAVIOR.
IV THE SENTENCE IMPOSED BY THE TRIAL JUDGE IS EXCESSIVE AND INAPPROPRIATE UNDER THE MANDATE OF THE CODE OF CRIMINAL JUSTICE.
The victim, under each count, was between the age of 12 and 15 years old at the time of the offenses and she was related to defendant through marriage. The victim's mother worked one job during the day and a second job during the evening. While the mother worked in the evening, the child victim was left under defendant's care and supervision.
The victim testified that the sexual assaults started in 1985 while her mother was at work when defendant would "rub his penis up against my vagina." This occurred about five times during 1985 and early 1986. Although the family moved to a *131 different town in April 1986, defendant continued to have sexual contact with the victim. Beginning in or about July 1986, defendant began having sexual intercourse with the victim on a regular basis. He even performed oral sex on her. The victim testified that when she was 13, defendant had intercourse with her two to three times a week, and when she became 14, that increased to three to four times per week. Defendant would also touch the victim's breasts and her vagina when they were not having sexual intercourse. The victim became so distraught that she planned to run away or commit suicide. Instead, she told a friend who told the victim's aunt. The aunt told the victim's mother who notified the Division of Youth and Family Services.
We have considered the contentions raised in Points I and II in light of the record and find they are clearly without merit. R. 2:11-3(e)(2).
Defendant further contends that he did not waive his right to a proper examination at ADTC. The trial judge ordered defendant to be examined at ADTC, and he was transported there. However, defendant refused to participate in the examination. Based on defendant's refusal, he was held in contempt in an effort to force compliance. Defendant persisted in his refusal after he was sentenced to the county jail.
At the time of sentencing on July 5, 1990, the trial judge made known that he had a report from Dr. Mark Frank, a clinical psychologist at ADTC. His letter to the trial judge revealed that Dr. Frank had reviewed statements from the victim describing defendant's sexual relationship with her. Dr. Frank also referred to a report from Dr. Gregorius dated December 12, 1988 respecting a psychiatric examination of defendant, as well as a presentence report on defendant. Dr. Frank concluded that "there is a factual basis to indicate that Mr. Logan's inappropriate sexual behavior was repetitive," but a formal psychological evaluation was necessary before a finding of "sexual compulsion could be established."
*132 The trial judge concluded that defendant's refusal to undergo a proper psychological examination after being made aware of his rights, constituted a waiver of his statutory right to a finding that his conduct be characterized by a pattern of compulsive behavior. See N.J.S.A. 2C:47-3. We affirm that finding substantially for the reasons stated by Judge Barisonek in his reported opinion in State v. Logan, 244 N.J. Super. 137, 581 A.2d 909 (Law Div. 1990). We add only that defendant precipitated the alleged due process violation, and we perceive no valid reasons why he should be allowed to "secure a reversal for a self-created error which could totally and inappropriately frustrate the operation of the criminal justice system." State v. Hammond, 231 N.J. Super. 535, 542, 555 A.2d 1169 (App.Div. 1989).
Finally, defendant contends that his aggregate sentence of 30 years with 15 years of parole ineligibility is excessive and violative of the guidelines articulated in State v. Yarbough, 100 N.J. 627, 498 A.2d 1239 (1985), cert. denied, Yarbough v. New Jersey, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986). Our careful study of the record, including the sentencing transcript and the presentence report, convinces us that those contentions lack merit.
The judge found there were four aggravating factors: (1) the causing of psychological harm to the young victim; N.J.S.A. 2C:44-1a(2); (2) the risk that defendant will commit another offense, N.J.S.A. 2C:44-1a(3); (3) the need for deterrence, N.J.S.A. 2C:44-1a(9) and (4), defendant's extensive past criminal record as a juvenile and as an adult, N.J.S.A. 2C:44-1a(6). The judge found there were no mitigating factors. Even though the judge stated that the aggravating factors substantially outweighed any nonexisting mitigating factors, there is no doubt that the judge meant the same as saying he was "clearly convinced" within the meaning of N.J.S.A. 2C:43-6b. Moreover, the aggregate sentence is fully warranted in light of the *133 evidence of defendant's protracted sexual abuse of the young victim.
The judgment of conviction is affirmed.